VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      25-AP-152

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SEPTEMBER TERM,   2025

| | |
|---|---|
| Jeffrey Rivard\* v. Windham State Attorney and Dana John Nevins | APPEALED FROM:<br><br>Superior Court, Windham Unit,<br>Civil Division<br>CASE NO. 24-CV-04322<br>Trial Judge: Rachel M. Malone |

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals a civil division order dismissing his case based on claim preclusion. We affirm.

In 2023, plaintiff filed suit against Deputy State's Attorney Dana Nevins, the Windham County State's Attorney's Office, and the Sheriff's Office alleging malicious prosecution, misconduct, and failure to provide oversight. "Among other allegations, plaintiff claimed that the State objected to requests for amendments to bail conditions, made false statements in court, overcharged him in certain criminal cases, and refused to charge for wrongs committed against him." Rivard v. Windham Cnty. State's Att'y Off., No. 23-AP-380, 2024 WL 1012374, at \*1 (Vt. Mar. 8, 2024) (unpub. mem.), https://www.vermontjudiciary.org/sites/default/files /documents/eo23-380.pdf. The allegations stemmed from a criminal prosecution of plaintiff for domestic assault and plaintiff alleged that the malicious prosecution caused mental anguish and defamation of plaintiff. The civil division dismissed the case, concluding that the claims were barred by prosecutorial immunity and that plaintiff had failed to state a claim. This Court affirmed the dismissal following plaintiff's appeal. Id. at \*2

In 2024, plaintiff filed this suit against the Windham County State's Attorney's Office and Deputy State's Attorney Dana Nevins, alleging that defendants made false statements about his criminal prosecution that were published by a newspaper. Defendants moved to dismiss on

several grounds, including that claim preclusion applied. Defendants argued that plaintiff's complaint arose from the same events as the prior lawsuit and that plaintiff was essentially seeking to relitigate causes of action substantially identical to those dismissed in the 2023 suit. The civil division agreed and dismissed the complaint, concluding that this case involved the same transaction as the 2023 case. The court denied plaintiff's subsequent motion to reconsider. Plaintiff appeals.

On appeal, plaintiff argues that the court abused it discretion in applying claim preclusion. Plaintiff asserts that the claim of defamation in this case differs from the ones made in the 2023 case, which were centered on malicious prosecution.

In reviewing a grant of dismissal, this Court views the facts pleaded in the complaint as true. Faulkner v. Caledonia Cnty. Fair Ass'n, 2004 VT 123, ¶ 5, 178 Vt. 51. Whether claim preclusion applies is a question of law that we review without deference to the trial court. Id. Claim preclusion "bars subsequent litigation if the parties, subject matter, and cause(s) of action in both matters are the same or substantially identical." Id. ¶ 8. Claim preclusion applies to both "claims that were or should have been litigated in the prior proceeding." Id. To determine whether two causes of action are sufficiently similar to apply the doctrine, we look to " 'whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.' " Id. ¶ 13 (quoting Restatement (Second) of Judgments § 24(2) (1982)).

On appeal, plaintiff asserts that the defamation claim raised in this suit is different from the claims in the prior suit, which focused on malicious prosecution. Plaintiff's argument misunderstands the scope of claim preclusion. Claim preclusion applies to claims that should have been raised as well as those actually pleaded in the prior proceeding. This is because claim preclusion serves "(1) to conserve the resources of courts and litigants by protecting them against piecemeal or repetitive litigation; (2) to prevent vexatious litigation; (3) to promote the finality of judgments and encourage reliance on judicial decisions; and (4) to decrease the chances of inconsistent adjudication." Id. ¶ 9 (quotation omitted). Therefore, this Court focuses on whether the claims in the subsequent lawsuit center on the same transaction as the prior suit.

Here, plaintiff's claim of defamation arose from the same transaction as his prior assertion of malicious prosecution because the facts were related in time, space, origin, and motivation.* Both were related to plaintiff's conviction of domestic assault in August 2023 and the behavior of the Windham County Sate's Attorney Office—Deputy State's Attorney Nevins in particular—during that prosecution. In both, plaintiff claims that false statements made about

---

* Although plaintiff's brief indicates that this case does not involve the same parties, there was no final judgment on the merits, and the parties did not have a full and fair opportunity to be heard, he provides no explanation or legal argument to support those assertions. Therefore, we do not address them. See V.R.A.P. 28(a)(4) (requiring appellant to provide argument demonstrating "appellant's contentions and the reasons for them").

the case caused him harm. It would contravene the purposes of claim preclusion, including avoiding piecemeal litigation, conserving court resources, and promoting finality, to allow plaintiff to pursue this suit. Because the action was barred by claim preclusion, dismissal was appropriate.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
William D. Cohen, Associate Justice


_____
Nancy J. Waples, Associate Justice